[No. 3056. Decided March 30, 1899.]

B. M. LONG et al., Appellants, v. CHARLES EISENBEIS et al., Respondents.

JUDGMENTS—RES JUDICATA—MATTERS CONCLUDED.

Where the judgment itself in an action discloses that a part of the subject matter of the controversy was not determined, such judgment cannot be invoked as a former adjudication for the purpose of barring a subsequent action brought for the purpose of obtaining an adjudication upon an issue undetermined in the prior action.

Appeal from Superior Court, Jefferson County.—Hon. JAMES G. McCLINTON, Judge. Reversed.

*Allen Weir* and *T. J. Humes,* for appellants.

*A. R. Coleman,* for respondents.

The opinion of the court was delivered by

REAVIS, J.—Plaintiffs (appellants) instituted this suit against defendants (respondents), alleging that they were the owners in fee simple of an undivided one-half interest in 84.61 acres of land near Port Townsend; that defendants wrongfully held possession and claimed ownership of the same, and asked for relief and for damages. Defendants, after demurrer, which was overruled, answered denying generally the allegations of plaintiffs, and set up a former adjudication of the right to the tract of land between the same parties. Plaintiffs demurred to the plea of former adjudication, which demurrer was overruled, and plaintiffs, standing on their demurrer, have appealed.

The facts stated in the complaint are, substantially, that one Henry Bash purchased from Mary Fowler and others, in August, 1888, certain land situated in Jefferson county, known as the "Fowler tract," containing 237.85 acres. Bash had previously, in the same month, obtained a contract of sale of the land from the grantors, and a deed of conveyance pursuant to the contract was obtained. At the time the contract of sale was made, Bash entered into a written contract with Eisenbeis, one of the defendants, whereby they agreed to acquire, hold, sell and dispose of the land jointly, Eisenbeis to furnish money for purchasing and platting the land, and to hold the title in his own name, to reimburse himself from the proceeds of sales, the net balance of all moneys received from sales to be divided equally between them. This agreement was subsequently modified orally to cover an increased purchase price demanded by the grantors as to a part of the tract. On the 31st of August, 1888, Bash and wife conveyed all the land by deed to defendant Eisenbeis pursuant to their contract.

Thereupon Eisenbeis entered into possession, and the greater portion of the land was subsequently sold by the joint efforts of both parties. Eisenbeis received all the money and reimbursed himself for all outlay and divided the net proceeds as provided in the contract. However, the parties disagreed upon their accounting and the ownership of the unsold land, and on the 30th of May, 1892, Bash and wife conveyed to plaintiffs all their right, title and interest to the lands; and in September, 1893, Bash and wife and plaintiffs instituted a suit against the defendants, setting out the foregoing facts, substantially, asking that the contract be rescinded and an accounting had of all the affairs of the trust, and that the lands remaining unsold be divided in accordance with the rights of the parties. A trial was had, the court making specific findings of fact, adjudging an accounting and a balance due plaintiffs from defendants and that the land unsold be divided. It appears in the sale of the land it was platted into lots and blocks, except 84.61 acres. The court in that suit found that the unsold land should be equally divided, but the decree omitted any mention of the unplatted land, the 84.61 acres in controversy here. In January, 1898, the present plaintiffs instituted this suit, and the answer of the defendants to the complaint set up the former suit as an adjudication of the rights in controversy here. The whole record of the former suit is set out in the answer, from which it appears that the complaint contained the same agreements with reference to the purchase and sale of the entire tract of 237.85 acres as are here set out in the complaint in this case; that the plaintiffs demanded an accounting and also a division of all the unsold parcels of the land, describing them; that, upon the issues thus made up, evidence was heard and findings of fact made, the court finding generally in favor of the plaintiffs; that a decree was thereafter rendered in said cause, but the judg-

ment of the court does not mention or adjudicate the title to the 84.61 acres in controversy here.

It is contended by counsel for respondents that the plea of former adjudication is a complete defense to the present action; that it is shown that the plaintiffs had already maintained an action against the defendants on the same contract; that in the former complaint the land that plaintiffs claimed was described by metes and bounds and was identical with that described in the present one; that plaintiffs there alleged that they owned an undivided one-half interest in the 84.61 acres, and prayed for a decree establishing that interest and for partition. Counsel cites 1 Herman on Estoppel, p. 133, and makes other citations from the same authority, to support his contention.

A judgment concludes the parties as to the grounds covered by it, and the facts necessary to uphold it. It is a familiar rule that whatever was in issue was determined in the former trial, but in the judgment itself must be found the determination of the issues involved, and whatever was properly in issue in the pleadings will be presumed to have been adjudicated. But, where the judgment itself discloses that a part of the subject matter of the controversy was not determined, there can no estoppel arise. The judgment pleaded here shows specifically the determination of the controversy as to a portion of the 237.85 acres of land. It does not mention or determine the disposition made of the 84.61 acres now in controversy.

The case of *Long v. Eisenbeis,* 18 Wash. 423 (51 Pac. 1061), is cited by counsel for respondents, but is hardly in point here. That was a case commenced by the same plaintiffs against the same defendants, to correct and amend the judgment and decree now pleaded by defendants, and it was there said:

" The petition to vacate the decree does not exhibit the

entire record upon which the decree was based, and, if there be any seeming inconsistency between the portions of the record pleaded, they must be presumed to be explained by that portion of the record which is not shown."

There neither the complaint nor answers were before the court. It was also held that equity might be invoked for the correction of errors in a judgment which are clerical, but not for the correction of such errors as are involved in the express judgment pronounced by the court in the exercise of its judicial discretion. In that case more than a year had elapsed before plaintiffs brought their action to vacate, correct and amend the judgment in the superior court.

The case of *Lake v. Hancock,* 38 Fla. 53 (20 South. 811, 56 Am. St. Rep. 159), was upon facts very similar to the one at bar. That was a suit in ejectment, and defendant plead a former adjudication of the title and right of possession to the land in controversy. The evidence of *res adjudicata* consisted of the record of the trial in an action of ejectment between the same parties, the verdict, in the usual form, finding for plaintiff, stating the quantity of the estate of the plaintiff and giving a description of the land. The judgment followed the verdict, but did not include the premises in controversy in the latter suit, amounting to eighty acres of land. Such land, however, was described in the complaint or declaration in the former case. The court, in ruling against the plea of *res adjudicata,* observed:

" This evidence does not sustain defendant's contention. It only tends to show that this land was included in a declaration in a suit in ejectment between the said parties, but for some reason not shown was omitted from the verdict and judgment. The issue as to this land seems not to have been determined for either party. There being no judgment as to the identical matter in controversy, the former proceedings are no bar to plaintiff's recovery. To consti-

tute such a bar to further proceedings, there must have been actual judgment upon the same issue. It is the policy of the law 'that there should be an end to every litigation, and when an issue has been once actually determined, it should not again be contested by the same adversaries, or those claiming under them. . . . The general rule is intended to prevent litigation, and preserve peace. . . . But without such actual determination on the merits, evidenced by a record which cannot be contradicted, the reason of the rule does not apply.' *Webb vs. Buckelew,* 82 N. Y. 555. The judgment is not a bar to further proceedings unless it be between the same parties and touching the same subject-matter. *Little Bros. vs. Barlow,* 37 Fla. 232, 20 South. Rep. 240; *Holt vs. Miers,* 9 Car. & P. 191. It is a familiar principle that a judgment concludes the parties only as to the grounds covered by it and the facts necessary to uphold it. Wells on *Res Adjudicata,* p. 196, and authorities cited in text; 21 Am. & Eng. Ency. of Law, 128, and authorities cited in note; *Packet Company vs. Sickles,* 5 Wall. 580, text 592."

The record of the former judgment pleaded here as an estoppel shows that the interest of the respective parties in the 84.61 acres of land now in controversy was not an issue determined in that suit. Therefore, we conclude the plea was insufficient, and the cause is reversed and remanded to the superior court of Jefferson county, with direction to sustain the demurrer of plaintiffs to the plea of *res adjudicata* set up in defendants' answer, and for further proceedings not inconsistent herewith.

GORDON, C. J., and ANDERS and DUNBAR, JJ., concur.