[No. 3607. Decided December 15, 1900.]

## B. M. LONG et al., Respondents, v. CHARLES EISENBEIS et al., Appellants.

EQUITY—RECOVERY OF LAND—SUFFICIENCY OF COMPLAINT.

A complaint states a cause of action for the restoration to plaintiff of his portion of certain land held in the name of defendant and a decree declaring the legal title to such portion in plaintiff, when it alleges that plaintiff's grantor, having an option for the purchase of a certain tract of land, entered into a written contract with defendant, whereby they agreed to acquire, hold, sell and dispose of the land jointly, defendant to furnish the money therefor and hold the title in his own name, reimburse himself from the proceeds of sales and divide equally between them the net balance of all moneys received; that plaintiff in pursuance of such contract obtained a conveyance of the land and immediately transferred it to defendant, who by subse-

quent sales therefrom had fully reimbursed himself, and now held a portion thereof in his own name, which he refused either to sell or divide with plaintiff.

SAME—LIMITATIONS—WHAT STATUTE APPLICABLE.

Such an action is one involving an interest in real estate, and not the breach of a written contract for a division of profits, and hence is governed in respect to the limitation upon the time in which it may be commenced by the statute relating to actions for the recovery of real property.

PLEADING—AMENDMENT OF COMPLAINT—DISCRETION OF COURT.

The power of the trial court to permit filing of an amended and supplemental complaint is largely discretionary with it, and its action will not be reversed, when the defendants were not taken by surprise nor any injury done them by the supplemental matter alleged.

ACTION INVOLVING MONEY IN REGISTRY OF FEDERAL COURT—
    NECESSARY PARTIES.

In an action by plaintiff to procure a decree awarding him title to a half interest in certain lands held by defendant, the filing of a supplemental complaint, setting up that since the commencement of the action the lands had been condemned by the United States for governmental purposes; that one-half the value thereof had been paid over to defendant and the other half had been deposited in the registry of the United States court, awaiting a determination by the state court of the question of who was entitled to the same, and praying that plaintiff be decreed the owner of the money so deposited, would not render it necessary to make the United States a party to the action.

APPEAL—ERROR PREJUDICIAL TO RESPONDENT CANNOT BE URGED
    BY APPELLANT.

On an appeal by a party from a judgment declaring the ownership in the adverse party of money in the registry of a federal court, which was claimed by both of them, the appellant cannot urge against the validity of the judgment that the federal court may not respect the judgment of the state court and may refuse to disburse the money pursuant thereto, as such objection to the judgment affords no ground of injury to appellant.

Appeal from Superior Court, Jefferson County.—Hon. JAMES G. McCLINTON, Judge. Affirmed.

*A. R. Coleman,* for appellant:

A contract for an interest in the profits to be made in the sale of land is not a contract for any interest in the land. 1 Devlin, Deeds, § 53; *Treat v. Hiles,* 32 N. W. 517 (60 Am. Rep. 858); *Carr v. Leavitt,* 20 N. W. 576; *Snyder v. Wolford,* 22 N. W. 254 (53 Am. Rep. 22); *Babcock v. Read,* 99 N. Y. 609 (1 N. E. 141); *Frazier v. Child,* 4 E. D. Smith, 153; *Benjamin v. Zell,* 100 Pa. St. 37; *Everhart's Appeal,* 106 Pa. St. 349; *Bruce v. Hastings,* 41 Vt. 380 (98 Am. Dec. 592); *Gray v. Boardman,* 60 Iowa, 205.

The original complaint not having stated a cause of action, it could not be amended by anything occurring subsequently so as to state a cause of action. *Lowry v. Harris,* 12 Minn. 255; *Bostwick v. Necock,* 4 Daly, 68; *Smith v. Smith,* 22 Kan. 699. An amended or supplemental complaint which materially changes the issues, or which sets up a new cause of action, cannot be filed. *Price Baking Powder Co. v. Rinear,* 17 Wash. 95; *Anderson v. Groesbeck,* 55 Pac. 1086; *Andrews v. Andrews,* 3 Wash. T. 286; *Chicago & A. R. R. Co. v. Scanlan,* 48 N. E. 826; *Shields v. Barrow,* 17 How. 130 (15 L. ed. 158); *Snead v. McCoull,* 12 How. 407 (13 L. ed. 1043); *Milliken v. Whitehouse,* 49 Me. 527; *Union Pacific Ry. Co. v. Wyler,* 158 U. S. 285 (39 L. ed. 983). Nor can such amendment be made so as to interfere with the bar of the statute of limitations. *United States v. Innerarity,* 19 Wall. 595 (22 L. ed. 202); *White v. Miller,* 158 U. S. 128 (39 L. ed. 921).

The supplemental and amended complaint shows that the money arising from the condemnation of the lands is in the hands of the United States court, and as the superior court has no jurisdiction over that court, nor power to enforce any decree or order against said court, it lost jurisdiction of this cause when the United States court

condemned the land and the money in the registry of that court became the real subject of controversy between the parties. A court of equity will not entertain a bill unless it has complete control over all the matters in controversy directly or by coercion of the parties. *Voorhies v. Frisbie*, 25 Mich. 476 (12 Am. Rep. 291); *Brigham v. Claflin*, 31 Wis. 607 (11 Am. Rep. 623); *Johnson v. Malloy*, 74 Cal. 430.

The complaint shows that the moneys arising from the sale of the lands is in the custody of the United States court, and neither that court nor the judge thereof has been made a party defendant, so that any decree rendered in this cause would not be binding on the custodian of that fund. Therefore there is a defect of parties defendant. *Massachusetts, etc., Co. v. Township of Cane Creek*, 155 U. S. 283 (39 L. ed. 152); *Wilson v. Oswego Township*, 151 U. S. 56 (38 L. ed. 70); *Thayer v. Life Association*, 112 U. S. 717 (28 L. ed. 864). It is well settled that when the subject matter of a trust is in controversy, the trustee is an indispensable party. The custodian of a fund is a trustee. *Sayre v. Sayre*, 17 N. J. Eq. 349; *Carter v. Jones*, 5 Ired. Eq. 196 (49 Am. Dec. 425); *Wakefield v. Marr*, 65 Me. 341; *McClellan v. McClellan*, 65 Me. 500; *Phipps v. Tarpley*, 24 Miss. 599; *Mayer v. Denver, etc. R. R. Co.*, 41 Fed. 723; *McArthur v. Scott*, 113 U. S. 340 (28 L. ed. 1015); *United States v. Howland*, 4 Wheat. 108 (4 L. ed. 526).

Where an indispensable party cannot be supplied, the suit should be dismissed. *Cunningham v. Macon, etc., Ry. Co.*, 109 U. S. 446 (27 L. ed. 992); *Fourth National Bank v. New Orleans & C. R. R. Co.*, 11 Wall. 624 (20 L. ed. 82); *Barney v. Baltimore*, 6 Wall. 280 (18 L. ed. 825); *Ribon v. Chicago, etc., R. R. Co.*, 16 Wall. 446 (21 L. ed. 367); *Gregory v. Stetson*, 133 U. S. 579 (33

L. ed. 792); *Christian v. Atlantic & N. C. R. R. Co.,* 133 U. S. 233 (33 L. ed. 589); *California v. Southern Pacific Ry. Co.,* 157 U. S. 229 (39 L. ed. 683). The United States cannot be made a party without its consent, and, within the reason of the rule, no court or officer of the United States, performing a governmental function on behalf of the United States, under a valid law, whether executive, legislative, or judicial, can be made a party without such consent of the government; and, as the government can only manifest its consent by act of congress, it would require such an act to give the state court jurisdiction over the United States court, so as to make the custodian of this fund a party. *Hagood v. Southern,* 117 U. S. 52 (29 L. ed. 805); *Cunningham v. Macon & B. Ry. Co.,* 109 U. S. 446 (27 L. ed. 992); *Pennoyer v. McConnaughy,* 140 U. S. 1 (35 L. ed. 363); *Ex parte Ayers,* 123 U. S. 443 (31 L. ed. 216); *Reagan v. Farmers' L. & T. Co.,* 154 U. S. 362 (38 L. ed. 1014).

*T. J. Humes, Allen Weir* and *A. W. Buddress,* for respondents:

In equity causes especially, it is not only within the court's power, but it is its duty to exercise liberality in the matter of amendments to pleadings, to the end that substantial justice be done. Bal. Code, §§ 4949, 4950, 4953; *Silsby v. Frost,* 3 Wash. T. 388; *Stevenson v. Mudgett,* 34 Am. Dec. 160; Pomeroy, Remedies, §§ 435, 565, 566, 590; *Pierson v. McCahill,* 22 Cal. 128; *Stringer v. Davis,* 30 Cal. 318; *Richardson v. Carbon Hill Coal Co.,* 18 Wash. 368.

The former judgment between these parties is an estoppel against defendants on the question of the land having been held in trust, because that fact was not only decided in the findings, but was absolutely necessary in up-

holding the judgment; and yet the judgment is not a bar to recovery in this action for the reason that it did not dispose of the land in issue herein. *Beloit v. Morgan,* 7 Wall. 619 (19 L. ed. 205); *Lindsey v. Danville,* 46 Vt. 144; *Doty v. Brown,* 4 N. Y. 71 (53 Am. Dec. 350).

Counsel contends that the taking of the land by a superior power worked an abatement of this action, and left the court powerless to enter any judgment that could not be enforced; that to retain the cause and enter judgment was to do a vain thing, and that because the United States took the land and paid into its district court registry the money which represents the land, therefore the United States or the district court must be made a party. The only questions for this court to decide herein are (1) Did the court below acquire jurisdiction of the subject matter and of the parties herein? and (2) Did the court below have jurisdiction to enter the judgment herein that it did enter?

Where two courts have concurrent jurisdiction, the court that first obtains jurisdiction will retain exclusive jurisdiction until final determination. 12 Enc. Pl. & Pr. 151; *Owens v. Ohio Central R. R. Co.,* 20 Fed. 10; *Lake Bisteneau Lumber Co. v. Mimms,* 22 South. 730; *Union Mutual Life Ins. Co. v. University of Chicago,* 6 Fed. 443; *Bell v. Ohio Life & T. Co.,* Fed. Cas. No. 1260; *Craig v. Hoge,* 95 Va. 275 (28 S. E. 317); *Hughes v. Green,* 84 Fed. 833; *Foley v. Hartley,* 72 Fed. 570; *Martin v. Baldwin,* 19 Fed. 340; *Burt v. Keyes,* Fed. Cas. No. 2212; *Gamble v. San Diego,* 79 Fed. 487; *Thorpe v. Sampson,* 84 Fed. 63.

A federal court will not decide questions involved in a state court. *Gates v. Bucki,* 53 Fed. 969; *State Trust Co. v. National Land, Imp. & Mfg. Co.,* 72 Fed. 575; *Howlett v. Central Carolina Land & Imp. Co.,* 56 Fed.

36—23 WA-H,

161. But, on the mere suggestion of counsel, will take into consideration the litgation in the state court. *Rice v. Sharpleigh Hardware Co.,* 85 Fed. 559. By the laws of the United States, the federal courts must respect the judgments of the state courts. *Rummel v. Butler County,* 93 Fed. 304; *Bancroft v. Hambly,* 94 Fed. 975; *Martin v. Baldwin,* 19 Fed. 340; *Gates v. Bucki,* 53 Fed. 969.

The only question involved in this action is, what interest did the plaintiffs have in the land at the time of the commencement of this suit? And that question can be heard and determined without interfering with the possession of the property by the federal court. *Wickham v. Hull,* 60 Fed. 330.

A court in a special proceeding to condemn land cannot try equitable issues, and therefore a suit in equity will lie to determine what interest other persons than the holders of the legal title have to the money paid into court, which has taken the place of the land. *Crane v. Elizabeth,* 36 N. J. Eq. 339; Lewis, Eminent Domain, § 627. Where there are conflicting claims to the compensation awarded in condemnation proceedings, the money may be paid into court pending the settlement of adverse interests. *Jones v. Florida, C. & P. R. R. Co.,* 41 Fed. 70; *United States v. Dunnington,* 146 U. S. 338 (36 L. ed. 996); *San Francisco & S. J. R. R. Co. v. Mahoney,* 29 Cal. 112; *Rooney v. Sacramento Valley R. R. Co.,* 6 Cal. 638; *Hatch v. New York,* 82 N. Y. 436; *Kluender v. Milwaukee,* 57 Wis. 636.

While the state court may not be able to attach a fund in the United States court, it can compel a trustee, of whose person it has jurisdiction and who has control of the fund, to exercise his control in the interest of justice. *Darling v. Hanks,* 51 S. W. 792.

The opinion of the court was delivered by

Dunbar, C. J.—The history of this case is a long one. One Henry Bash purchased from Mary Fowler and others, in August, 1888, certain land situated in Jefferson county, known as the "Fowler Tract," containing 237.85 acres. Bash had previously, in the same month, obtained a contract of sale of the land from the grantors, and a deed of conveyance pursuant to the contract was obtained. About that time Bash entered into a written contract with Eisenbeis, whereby they agreed to acquire, hold, sell, and dispose of the land jointly, Eisenbeis to furnish the money for purchasing and platting the land, and to hold the title in his own name, and to reimburse himself from the proceeds of sales, the net balance of all moneys received from sales to be divided equally between them. This agreement was subsequently modified orally to cover an increased purchase price demanded by the grantors as to a part of the tract. On the 31st of August, 1888, Bash and wife conveyed all the land by deed to defendant Eisenbeis, pursuant to their contract. Eisenbeis entered into possession, and subsequently sold a greater portion of the land. He received all the money, and reimbursed himself for all outlay, and divided the net proceeds with respondent Bash. The parties, however, disagreed upon their accounting and upon the ownership of the unsold land, and in September, 1893, Bash and wife instituted a suit against the defendants, setting out substantially the foregoing facts, asking that the contract be rescinded and an accounting had of all the affairs of the trust, and that the lands remaining unsold be divided in accordance with the rights of the parties. Upon the trial of that action specific findings of fact were made by the court. It appears that all the land had been platted except 84.61 acres. The court in that suit found that the unsold land should

be equally divided, but the decree omitted any mention of the unplatted land, viz., the 84.61 acres. The plaintiffs brought an action to vacate such judgment. Upon appeal to this court, the cause was decided against the plaintiffs, for the reason that the petition to vacate the decree did not exhibit the entire record upon which the decree was based, and, if there were any seeming inconsistencies between the portions of the record pleaded, they must be presumed to be explained by that portion of the record which was not shown. *Long v. Eisenbeis,* 18 Wash. 423 (51 Pac. 1061). Upon the decision of that case, this action was brought against the defendants, plaintiffs alleging that they were owners in fee simple of an undivided one-half interest in 84.61 acres of land; that defendants wrongfully held possession and claimed ownership of the same, and asking for relief and for damages. The defendants answered, denying the material allegations of the complaint, and pleaded the former judgment of the court as an estoppel. The plaintiffs demurred to the affirmative matter alleging the estoppel, which demurrer was overruled, and, upon appeal to this court (*Long v. Eisenbeis,* 21 Wash. 23, 56 Pac. 933), the cause was reversed, it being there held that the record of the former judgment pleaded as an estoppel affirmatively showed that the land in controversy, viz., the 84.61 acres, was not an issue determined in the former suit. The case was remitted to the superior court, with directions to sustain the demurrer of plaintiffs to the plea of *res adjudicata* set up in defendants' answer, and for further proceedings not inconsistent with the opinion in that case.

It must have been determined by this court that one-half the land in dispute had been found by the findings of fact in the prior case to belong to Eisenbeis, and that Eisenbeis was a trustee of Bash, holding said lands for

his benefit; for, if it had not so appeared, it would have been a vain thing for the court to have remanded the case for trial upon its merits, the complaint being the same which is now demurred to, with the exception of the supplemental portion thereof.  Upon the return of the case a supplemental complaint was filed by the plaintiffs, alleging, in brief, that since the commencement of the action, the lands in dispute have been condemned by the United States government; that one-half the value of the same has been turned over by the government authorities to Eisenbeis, and that the other half is held in the registry of the United States court, awaiting a determination by the state court of the question of who was entitled to the same.  To this complaint the defendants interposed a demurrer, which embraced the following assignments of error:

(1)  The court below erred in permitting the plaintiffs to file their supplemental and amended complaint in this cause over the objections and exceptions of defendants; (2) the court erred in overruling the demurrer of defendants to said supplemental and amended complaint filed by plaintiffs; (3) the court erred in retaining jurisdiction of this cause after the filing of said supplemental and amended complaint, and in refusing to dismiss this cause for want of jurisdiction; (4) the court erred in refusing to dismiss this cause after it was shown at the hearing of said demurrer that there were necessary and indispensable parties, who had not been made parties to this cause, and without whom no decree would be rendered which would determine the whole question involved; (5) the court erred in refusing to sustain said demurrer to said supplemental and amended complaint upon the ground that said supplemental and amended complaint did not state facts sufficient to constitute a cause of action; (6)

the court erred in refusing to sustain said demurrer upon the ground that this cause was barred by the statute of limitations; (7) the court erred in rendering judgment for plaintiffs; (8) the court erred in refusing to render judgment for defendants.

Outside of any question of *res adjudicata* in the case, we are satisfied from all the records that Bash was entitled to one-half of the 84.61 acres. This amount added to 153.24 acres, land which was platted into lots and blocks, makes the amount of 237.85 acres, the land deeded by Bash to Eisenbeis, and the amount which was the subject of the written contract. We are also very firmly of the opinion that the complaint stated a cause of action, and that it would be a narrow and illiberal construction of the contract to hold that Bash would not be entitled to an equitable division of the property upon the refusal or inability of Eisenbeis to sell the same. He was entitled to have the property sold in accordance with the contract, and, upon the failure of Eisenbeis to do this, he was entitled to his equitable relief, viz., a restoration of his portion of the property and a decree restoring the legal title to him. The case is not different from thousands of adjudicated cases where the contract was substantially as the contract in this case. This disposes of the sixth assignment, that the court erred in refusing to sustain the said demurrer upon the ground that the cause was barred by the statute of limitations; for it is conceded that, if the action was an action in relation to interest in real estate, or to remove the cloud from title, the six year statute does not apply. The first, second, third and fourth assignments of error are based upon the amended complaint. We do not think the court erred in permitting the plaintiffs to file their supplemental and amended complaint. Our Code provides for a liberal allowance of

amended pleadings, and it is a matter that is, of necessity, so largely discretionary with the trial court that its action in this respect will not be reversed unless it is manifest that the discretion is abused. We do not think there was any abuse of discretion in this case. The defendants were not taken by surprise, nor was any injury done them by the supplemental matter alleged. Nor do we think any new cause of action was stated. A recovery on the original complaint would have barred recovery on the supplemental complaint, if it stated the facts, and the demurrer concedes that the supplemental complaint was necessary to bring to the attention of the court material matters and things which had transpired subsequent to the filing of the original complaint, and which could not have been brought to its attention in any other way. Nor was it necessary, under the averments of the complaint, to make the United States in any manner a party to this action. The lower court has entered judgment in favor of plaintiffs, declaring, among other things, their ownership of the money in the federal court registry. The appellants urge this court to reverse that judgment, and the logic of their reasoning is that the federal court may not respect the judgment of this court, and may refuse to disburse the money pursuant to such judgment. The answer to this is two-fold: (1) The defendants will not be injured if the United States should refuse to pay the money over upon the determination of the cause by the state court; and (2) the complaint alleges, and the demurrer admits, that the United States *will* distribute the money pursuant to judgment in this case.

There appearing to be no error committed by the court, and substantial justice demanding that the plaintiffs be awarded the relief prayed for, the judgment will be affirmed.

REAVIS, FULLERTON and ANDERS, JJ., concur.