[No. 3470.   Decided January 11, 1901.]

H. J. McGEE *et ux., Respondents, v.* GEORGE H. WINE-
HOLT, *Appellant.*

RES JUDICATA—DECREE OF FORECLOSURE—CONCLUSIVENESS AS
AGAINST BREACH OF CONTRACT FOR MORTGAGE.

A decree of foreclosure is not *res judicata* of an issue of breach of contract on the part of the mortgagee in failing to loan the full amount stipulated for by the mortgagor, though such issue may have been tendered in the foreclosure suit and its acceptance refused by the mortgagor, since the mortgagor's right to damages is not material to the mortgagee's right of foreclosure.

BREACH OF CONTRACT—DAMAGES.

In an action for damages for breach of contract on the part of a mortgagee in retaining a portion of the loan agreed upon, whereby the mortgagor was unable to pay a loan theretofore

made upon the property, the only damages recoverable are the excess in interest charges the mortgagor was compelled to pay between the time of execution of his note to the mortgagee and its maturity.

#### REQUESTED INSTRUCTIONS—PERTINENCY.

It is error to refuse a requested instruction, when it is fairly within the issues, and there is evidence tending to prove the contention of the party requesting the instruction.

Appeal from Superior Court, King County.—Hon. ORANGE JACOBS, Judge. Reversed.

*Frank P. Lewis* (*Enoch W. Whitcomb,* of counsel), for appellant.

*William C. Keith* and *Bo. Sweeney,* for respondents.

The opinion of the court was delivered by

FULLERTON, J.—This is an action brought by the respondents against the appellant to recover damages for the breach of a contract to loan money. In their complaint the respondents alleged, in substance, that they were the owners of an undivided half interest in a certain lot in the city of Seattle, and had deeded the same to one Sanders to secure a loan of two hundred twenty-five dollars made to them by Sanders; that they were indebted also in certain other amounts then being pressed for settlement, and that they applied to the appellant for a loan of five hundred dollars on the security of the lot, for the purpose of paying off this indebtedness; that the appellant agreed to loan them the sum of five hundred dollars, whereupon they executed and delivered to him their note for that sum, together with a mortgage upon the lot, and that appellant paid over to them three hundred dollars but refused to pay over anything more; that because of such refusal they were unable to pay off the Sanders loan, and that the real property was for that reason lost to them, to their damage in the sum of two thous-

and dollars. It was further alleged that the appellant had knowledge of the purpose for which the money retained by him was intended to be used, and that he wantonly, knowingly, maliciously, and fraudulently withheld the same for the purpose of defrauding respondents of their interest in the mortgaged property. The appellant, answering the complaint, put in issue by general denials all of its material allegations, and for a first separate answer pleaded a judgment entered in his favor and against the respondents in an action brought by Sanders to foreclose his lien upon the mortgaged property, in which the appellant appeared and by cross-complaint obtained a foreclosure of his mortgage. For a second separate answer, he alleged that the respondents represented that they desired to obtain the loan of five hundred dollars for the sole purpose of expending the same in improving the property, paying the taxes, and insuring the building thereon; that they agreed that they would at once secure a segregation and partition of the lot between themselves and the owner of the other undivided half; that when he learned that they did not desire to expend the two hundred dollars in improving the property, but to pay the Sanders loan, he entered into another agreement with respondents, by which it was agreed that the full sum of five hundred dollars should not be loaned, but that the loan should stand as a loan for three hundred dollars, and that the two hundred dollars retained by him should be indorsed on the note and mortgage. The respondents put in issue the new matter in the answer, and a trial was had, resulting in a verdict and judgment for respondents.

The learned trial judge refused to instruct the jury that the judgment in the foreclosure action constituted a bar to a recovery in the present action, and his refusal to so charge is assigned as error. The record of the foreclosure proceedings introduced in evidence shows that

the appellant set out in his cross-complaint his version of the contract; that the complaint was duly served on the respondents, who failed to answer thereto; and that the trial judge found that three hundred dollars were actually loaned, and that on "certain conditions" the respondents were to have two hundred more; and that the judgment was silent as to any of these matters, being in form that of an ordinary decree for the foreclosure of a mortgage. It is contended by the appellant that, inasmuch as he tendered the issue of the breach of the contract in that case, the respondents were obligated to litigate it with him there, under the penalty of being barred from maintaining the contrary in any other action. But the rule invoked is not so broad as the appellant contends. Issues which are not material to the controversy, although determined, do not become *res judicata*. As was said by the court of appeals of New York in *People v. Johnson*, 38 N. Y. 63 (97 Am. Dec. 770), "And, although a decree in express terms professes to affirm a particular fact, yet, if such fact was immaterial, and the controversy did not turn upon it, the decree will not conclude the parties in reference to that fact." It is clear that the issue tendered was not material in the action to foreclose the mortgage, as its maintenance was not an essential to the right of appellant to foreclose. Jones, Mortgages, § 378. When the appellant refused to pay over to the respondents the balance of the loan, the respondents had the choice of two remedies; they could either return the money advanced and require a return of the note and a cancellation of the mortgage, or they could retain the money advanced, and recoup in damages such losses as they suffered because of the breach of contract, which were directly traceable thereto, and which could not have been prevented by reasonable effort on their part. By electing to retain the money advanced they affirmed the contract in so far as it was exe-

cuted, which gave the appellant the right to foreclose for that amount, when his note became due and payable, as if the loan had been originally made for that sum. The right to foreclose, and the right to maintain an action for damages, were thus separate and distinct rights, in no way connected with each other, and the respondents, by refusing to accept the issue tendered, were not barred of their right to recover for the breach of the contract in an independent action. *Allen v. Wall*, 7 Wash. 316 (35 Pac. 65); *Long v. Eisenbeis*, 21 Wash. 23 (56 Pac. 933).

The appellant challenges the sufficiency of the evidence to sustain the verdict, and in this we think he must be sustained. After a careful examination of the whole record, we are unable to find any evidence which, even remotely, tends to show that the respondents lost the mortgaged property as a result of the failure of appellant to pay over the money retained by him. Taking the testimony in its most favorable light, it shows no damages directly resulting from the breach of the contract on the part of the appellant, other than that the respondents were compelled to pay a higher rate of interest on two hundred dollars for the time between the execution of the note to appellant and the time it fell due than they would have been compelled to pay had the appellant advanced to them the full amount of the loan agreed upon. This sum was capable of mathematical demonstration, and the jury should have been confined to it, as the measure of damages, in case they found the issues on which the right of respondents to recover depended in their favor. The question of excessive interest charges, the amount due upon the note, and in fact all matters growing out of the transaction, save only the damages arising from the retention of the two hundred dollars, were conclusively adjudicated in the action brought to foreclose the mortgage.

The appellant requested the court to charge the jury to the effect that if they found from the evidence that after the note and mortgage had been executed, and after three hundred dollars of the sum named therein had been advanced, it was agreed between the parties that the balance of the loan should be retained by the appellant and credited upon the note, then they should find for the appellant. This instruction, or one of similar import, should have been given. It was fairly within the issues made by the answer and reply, and there was evidence tending to prove that such an agreement was made.

The judgment is reversed and the cause remanded for a new trial.

Dunbar, C. J., and Reavis, J., concur.