[No. 17345.    Department Two.    November 27, 1922.]

FREDERICK ZIMMERLI *et al., Respondents,* v. WALDORF RESTAURANT COMPANY *et al., Appellants.*[1]

EMINENT DOMAIN (99)—AWARD—PERSONS ENTITLED—CONFLICTING CLAIMS—PROCEEDINGS. The United States government is not a necessary party to an action to determine adverse claims to an award in condemnation proceedings for property commandeered for naval purposes, which the government refused to pay until the adverse claims are settled.

SAME (99). Where the United States government commandeered leased property for naval purposes, but allowed the lessees to remain in possession during the term of the lease, the lessees are not entitled to any part of the award.

SAME (99). Where the United States government commandeered leased property for naval purposes, but refused to pay the award until releases were obtained from the lessee, the owner is not entitled to recover interest from the lessee on the award during the time payment was held up because of the lessee's refusal to make a release, there being no contract or statute requiring the same.

Cross-appeals from a judgment of the superior court for King county, Askren, J., entered November 15, 1922, in favor of the plaintiffs, in an action to quiet title to an award for land appropriated for Federal purposes, and for damages, tried to the court. Affirmed.

*Ryan & Desmond,* for appellants.

*Guie & Halverstadt,* for respondents.

[1]Reported in 210 Pac. 801.

HOVEY, J.—Respondents were the owners of certain real property at Bremerton, in Kitsap county, and appellants were their tenants, or assignees claiming through tenants. On November 4, 1918, the President of the United States, by virtue of an act of Congress, issued a proclamation wherein he asserted that there was military necessity for the government to take possession of certain lands needed for naval purposes, and by the proclamation the possession and title of the property covered by the leases were taken on behalf of the government, and the secretary of the navy was authorized to take such steps as might be necessary to compensate the owners of such property. It is assumed by both the parties to this action that by this proceeding full legal title passed from the owners of the property to the government.

In July, 1919, a board of valuation of commandeered property met at Bremerton and took testimony as to the value of the property. In January, 1920, this board made an award of $18,000 as the value of full legal title to the premises, and immediately upon notice of such award, respondents accepted the same in writing. The government required, however, a deed of release from the respondents and satisfactory proof that all outstanding liens and incumbrances were satisfied.

The lease to appellant Waldorf Restaurant Company expired by its terms on August 14, 1919, and covered the rooms upon the ground floor of the property. The second story of the building was covered by a lease in favor of Harry Swanson and expired by its terms on August 14, 1920. This lease afterwards passed by mesne assignments to the appellants Hendrix.

The government did not take possession of the property until after the expiration of the periods fixed for the termination of the leases, but permitted respondents to retain control of the premises and collect the

rents, and the tenants continued in possession under their leases, paying their respective rents to the respondents for the full terms of the leases. These leases were placed of record by the lessees and the government refused to pay over the award until the instruments should be cancelled or releases obtained from the claimed holders thereof.

Respondents brought suit to quiet title to the award, and for judgment against the appellants for interest upon the sum of $18,000 from the date of the award as damages for failure to execute releases of their claims. The trial judge entered a decree quieting the title of respondents to the award, but refused to allow any damages, and both parties appealed.

The chief contention of appellants in this court is that there is a defect of parties in that the United States government, having possession of the funds, is a necessary party, and this question was raised by demurrer and by appropriate motions during the trial.

The award in question was made by virtue of paragraph (d), § 5, chap. 114 of acts of Congress of 1918, and these sections provide that the United States shall make compensation, and if the amount determined is unsatisfactory, seventy-five per cent of the award shall be paid to the person entitled thereto and suit may be brought for such additional sum as the person deems himself entitled to.

In this case, no complaint is made of the award by either of the parties, and it is a sum admittedly due and payable as soon as the controversy between the parties to this action is disposed of.

A similar question was before this court in Long v. Eisenbeis, 23 Wash. 556, 63 Pac. 249. It was there held that the fact that a fund was in the registry of the United States court awaiting determination by the

state court as to the rightful owner would not prevent this court having jurisdiction of the controversy. All the respondents seek by this proceeding is to have the appellants decreed to have no interest in the fund, and the appellants are not prevented from having a decree, as against respondents, fixing their rights in the award, and, in our judgment, the action is maintainable.

We are further convinced that the appellants present no valid defense to the equitable relief asked for. Their leases gave them merely the right to the possession of the premises, and this they had during the full time provided for. If they had treated the original proclamation as an eviction and vacated the premises, a different question might have been presented.

Upon the cross-appeal we find no authority to sustain the contention of respondent. It is urged that this proceeding is analogous to one for the cancellation of a mortgage, and *Morrill v. Title Guaranty & Surety Co.*, 94 Wash. 258, 162 Pac. 360, 163 Pac. 733, is cited. It is said in that opinion:

"The effect of the statute is to substitute remedies. It postpones a right of action in the interest of peace. It provides a certain recovery in all cases in lieu of the uncertainties of the common law action."

And from this it is argued if it were not for the statute the right for damages would lie, but we fail to find any authority so holding. There being no statute applying to this state of facts, and there being no contract by which appellants bound themselves to make releases, we conclude that the remedy is limited to the decree of cancellation and costs.

The judgment is affirmed.

PARKER, C. J., MAIN, FULLERTON, and TOLMAN, JJ., concur.