[No. 2062.  Decided March 17, 1896.]

THE BANK OF CALIFORNIA, *Appellant*, v. CHARLES A. DYER *et al.*, *Respondents*.

MORTGAGE FORECLOSURE — DEFICIENCY JUDGMENT — PLEADING — FAILURE TO MAKE FINDINGS.

Where the holder of notes secured by mortgage forecloses the mortgage without asking and obtaining a deficiency judgment, but upon obtaining a decree of foreclosure surrenders and cancels the notes, he has no further right of action upon collateral security placed in his hands to secure the payment of such notes.

The relief to which plaintiff is entitled, in an action in which there is no answer, cannot exceed what is demanded in the complaint.

Failure of the trial court to make a finding is not matter for review on appeal, unless there was a request for the finding, and objection for want of one urged at or before the time of the entry of a decree.

Appeal from Superior Court, Jefferson County.— Hon. R. A. BALLINGER, Judge.   Affirmed.

*W. W. Felger*, *Del Cary Smith*, and *George H. Jones*, for appellant.

*Trumbull & Trumbull*, for respondents.

The opinion of the court was delivered by

GORDON, J.—This suit was brought by the appellant to foreclose a mortgage upon real estate executed by respondents Charles A. Dyer and Sophie Dyer to the respondent State Bank securing to said State Bank the promissory note of the said respondents Dyer bearing even date with said mortgage in the sum of seventy-eight hundred dollars.   The complaint alleges that the note was assigned to the appellant prior to its maturity. The respondents made separate answers.   In addition to setting up two affirmative defenses, the nature of which is disclosed by the findings, the respondent bank by cross-complaint sought the foreclosure of said

mortgage in its own right as owner thereof, and of the note so secured. Appellant having replied to the affirmative matter and cross-complaint, and the cause having proceeded to trial, findings and conclusions were duly made by the lower court, and a decree entered in favor of the respondent bank, and the case is here upon an appeal therefrom. The lower court found among other things:

"6th. That prior to the 1st of January, 1893, the defendant, the State Bank of Washington, was indebted to the plaintiff, the Bank of California, upon an overdraft in the sum of fifteen thousand dollars ($15,000); that on the 18th day of January, 1894, in payment of said indebtedness, the State Bank of Washington made, executed and delivered to the plaintiff, the Bank of California, its warranty deed of the following described real estate, then owned by it, situated in the city of Port Townsend, Jefferson county, Washington, to wit: The west half (1–2) of lot three (3) in block thirty-nine (39) of the city of Port Townsend; that at the time of the execution of said deed it was mutually agreed by the parties thereto that the Bank of California would re-convey said property to the State Bank of Washington upon the payment of ($15,000) and interest within —— days; that thereafter on the 15th day of February, 1893, it was further agreed that the plaintiff herein would re-convey said property to this defendant, the State Bank of Washington, at the expiration of four months from the 15th day of February, 1893, conditioned that the State Bank of Washington would pay the Bank of California five thousand dollars ($5,000) with interest at the rate of eight per cent. per annum, in sixty days from date, five thousand dollars ($5,000) with like interest in ninety days from date, and five thousand dollars ($5,000) with like interest four months from date; that in accordance with the said agreement the State Bank of Washington executed its three several promissory notes to the Bank of California on the 15th day of February, 1893.

"7th. That thereafter, on the 15th day of May, 1893, the State Bank of Washington suspended business and proceeded to wind up its affairs as a banking corporation, all of which was known by the Bank of California within a few days thereafter.

"8th. That on or about the 15th day of June, 1893, the president of the State Bank of Washington, pretending to act for the said bank, delivered to the Bank of California the note and mortgage executed by the said Charles A. and Sophie E. Dyer to the said State Bank of Washington, as a pretended collateral security to the said three notes, given by the said State Bank of Washington to the Bank of California on the 15th day of February, 1893; that the said pretended transfer of the said note and mortgage was made without any consideration whatever and was wholly unauthorized and made without the knowledge or consent of the State Bank of Washington or its board of trustees.

"9th. That thereafter, on or about the 12th day of April, 1894, the plaintiff, the Bank of California, electing to consider the said warranty deed as a mortgage, commenced its action in the superior court of Jefferson county, Washington to foreclose the same, and in its complaint alleged the execution of said deed on the 18th day of January, 1893, in payment of the said indebtedness of $15,000.00, the subsequent agreement to re-convey the property described in the said deed to the State Bank of Washington, and the execution of the said notes in accordance with the said agreement, as appears in finding number six herein, and prayed for the foreclosure of said warranty deed and that the premises therein described be sold to satisfy the said sum of fifteen thousand dollars, interests and costs, and that no deficiency judgment was prayed for in the said complaint.

"10th. That, by reason of the Bank of California in said action in the said superior court of Jefferson county, Washington, electing to foreclose the said warranty deed as a mortgage and not praying for a deficiency judgment, the State Bank of Washington

did not appear in the said action, and on the 10th day of May, 1894, its default was entered, and a decree of said court was rendered foreclosing said deed as a mortgage and ordering the sale of the said premises to satisfy the said sum of $15,000.00, interests and costs, and the said promissory notes were surrendered by the said Bank of California, and were duly canceled by the clerk of the court according to the rules and practice of the said court."

The court thereupon concluded that the appellant was not the owner of the note and mortgage in question and had no interest therein, and that the respondent State Bank was the owner of said note and mortgage, and entered a decree accordingly. The appellant has challenged the correctness of these findings and conclusions, and we have carefully gone over the entire record. The findings rest very largely upon admissions contained in the pleadings, and we are not satisfied that they are incorrect or should be disturbed. Appellant, also, in substance contends that the decree should have been in its favor, notwithstanding the findings. As already noticed, the court found that appellant accepted the deed from respondent bank in full payment of said bank's over-draft with appellant. It also appears that it elected to treat the conveyance as a mortgage, and to take a decree of foreclosure merely, that it thereupon surrendered and canceled the notes, and that it never sought nor obtained any personal judgment against the respondent bank. It has, therefore, neither notes, judgment, nor other claim against respondent bank, and hence has no interest in, or claim to, the note and mortgage in question. Appellant insists that it was not necessary in the foreclosure proceedings instituted by it, to ask or obtain any deficiency judgment, but that it was entitled in that action to a

"Personal judgment for the whole amount due, and that this is such a judgment as to constitute a lien upon the real estate of the debtor, and that it will support an execution for the sale of other property of the defendant."

To this there are two answers:   (1) *It did not obtain* such a judgment or decree; (2) it was not entitled to any other or different relief than that prayed for by it in the complaint in such foreclosure proceedings.

"The relief granted to a plaintiff in a case in which there is no answer, cannot exceed that which he demands in his complaint.   It is not sufficient that he states facts sufficient to entitle him to the relief; he *must also ask for it.   .   .   .*   The complaint must ask for a judgment for the deficiency, if any shall exist after the sale,   .   .   .   in order to authorize the court to render such a judgment."   *Simonson v. Blake,* 12 Abb. Pr. 331; 2 Jones, Mortgages (5th ed.), § 1475; *Parrott v. Den,* 34 Cal. 79; *Lamping v. Hyatt,* 27 Cal. 99.

Moreover, we think that it obtained all the relief to which it was entitled in the original foreclosure proceeding, as the present record demonstrates.   Let us consider in what position it then stood.   It had elected to treat as a mortgage a conveyance made by the respondent to it, which conveyance was absolute in form.   Assuming its right so to do, what did that mortgage secure?   Certainly not the notes, because they were not then in existence—in fact were not made for a month thereafter.   Sec. 626, Code Proc., reads:

"When there is no express agreement in the mortgage, nor any separate instrument given for the payment of the sum secured thereby, the remedy of the mortgagee *shall be confined to the property mortgaged.*"

Thus it will be seen that the instrument which they elected to treat as a mortgage contained no express

agreement for the payment of any sum, nor was it given to secure any "separate instrument given for the payment, etc.", and we think appellant entertained a just conception of its legal rights under that instrument when it instituted a proceeding in foreclosure, confining the relief sought to the property mortgaged. It is at least doubtful if in that action it was entitled to anything more. But however this may be the fact remains that it sought and obtained a decree of foreclosure merely.

In view of the conclusion reached by us upon this branch of the case, it becomes unnecessary to consider whether the transfer of the note and mortgage by the president of the respondent bank after its suspension was or was not authorized, or whether there was any consideration to support it.

One other question remains to be noticed. It is claimed that the court erroneously failed to allow appellant's claim for taxes paid upon the mortgaged premises. But it does not appear that the court made or was requested to make, any finding upon the subject, or that any objection was made thereto in the lower court.

"To make such irregularity available on appeal a timely request and objection at or before the time of the entry of the decree must be shown." *Washington Rock Plaster Co. v. Johnson*, 10 Wash. 445 (39 Pac. 115).

It follows that the decree must be, and it is affirmed.

ANDERS, DUNBAR and SCOTT, JJ., concur.

HOYT, C. J., dissents.