## ROBLIN v. PALMER *et al.*

1. The failure of the court before which a question of fact is tried to file its written decision within 30 days after the submission of the cause, as required by Comp. Laws, Sec. 5066, as amended by Laws 1893, Chap. 72, is not ground for reversal, in the absence of injury to the unsuccessful litigant.

2. A failure to make a finding of fact on an issue expressly abandoned at the trial, and on which no evidence was introduced or finding requested, is not available on appeal.

3. Title acquired by an unrecorded deed is superior to that obtained by a purchaser at an execution sale under an attachment levied after the deed was made.　Batement v. Backus, 34 N. W. 66, 4 Dak. 433, followed.

(Opinion filed June 24, 1896.)

Appeal from circuit court, Lake county.　Hon. JOSEPH W. JONES, Judge.

Action to cancel a *lis pendens* and a certificate of sale on execution, and to perpetually enjoin the issuance of a sheriff's deed.　From a judgment for plaintiff, defendants appeal.　Affirmed.

The facts are stated in the opinion.

*Palmer & Rogde*, for appellants.

Under the code practice, in actions tried by the court full findings upon every issue of fact made by the pleadings is absolutely necessary.　Campbell v. Buckman, 49 Cal. 362; Hathaway v. Ryan, 35 Cal. 187; Ladd v. Tully, 51 Cal. 277; Cassedy v. Cassedy, 63 Cal. 352; Billings v. Everett, 52 Cal. 661; Phipps v. Harlan, 53 Cal. 87; Dowd v. Clark, 51 Cal. 262; Kinsey v. Green, 51 Cal. 379; Speegle v. Leese, 51 Cal. 415; Harris v. Burns, 51 Cal. 528; Kennedy v. Berry, 52 Cal. 87.

The weight of authority fully sustains the proposition that an attaching creditor without notice will have priority over an unrecorded conveyance.　Waples on Attach. 501; Sigourney v. Larned, 10 Pick. 72.　This is especially true when, as in this case, the property was unoccupied, and the attaching creditors

went into possession under the attachment before the deed was recorded. School Dist. v. Taylor, 19 Kan. 287; Greer v. Higgins, 20 Kan. 420; Plant & Feittro v. Smith & Hobbs, 45 Cal. 161.

*Davis, Lyon & Gates*, for respondent.

The crucial test of findings of fact is whether they are sufficient to support the judgment. Anderson v. Alseth (S. D.), 62 N. W. 435. The prior unrecorded deed takes precedence of an attachment. Bateman v. Backus, 4 Dak. 433; Wade Attach. § 254; Norton v. Williams, 9 Ia. 528; Eldred v. Drake, 43 Ia. 569; Plant v. Smith, 45 Cal. 161; Ayers v. Duprey, 27 Tex. 593; Richardson v. Wicker, 74 N. C. 278; Runyan v. McClellan, 24 Ind. 165; Trenton Banking Co. v. Duncan, 86 N. Y. 221.

FULLER, J. This action, to cancel a *lis pendens*, a certificate of sale on execution, and perpetually enjoin the issuance to appellant Palmer of a sheriff's deed to the property described in the complaint, was tried to the circuit court without a jury, and resulted in a judgment for plaintiff, and the defendant appeals.

Respondent's motion to strike from the abstract, and disregard, appellant's bill of exceptions, is based upon a question discussed in Peart v. Railway Co. (just decided by this court) 8 S. D. 431, 67 N. W. 837, on appeal from the clerk's taxation of costs. Applying to this case, in the absence of an additional abstract, the reasoning of that opinion and the rule thereby announced, the motion is denied.

Under Sec. 5066 of the Compiled Laws, as amended by Chap. 72, Laws 1893, it is the duty of a court before whom a question of fact has been tried to file its written decision within 30 days after the submission of the cause, but a failure in that particular, in the absence of injury to the unsuccessful litigant, is no ground for the reversal of a judgment signed and entered immediately after the filing of such decision. From the evidence introduced in support of the complaint, the court, in ef-

fect, found, among other things, that on the 1st day of August, 1891, F. L. Eickelberg, being the real owner of the property in question, sold and conveyed the same, by warranty deed, to the respondent, Roblin, and that said deed was duly recorded at 2 o'clock p. m. on the 2nd day of September, 1891; that in aid of an action then pending in the circuit court, wherein appellant Palmer was plaintiff and said Eickelberg was defendant, a warrant of attachment issued, and, Eickelberg being a non-resident defendant, the property in question was on said 2d day of September, 1891, seized as his property, and held by the sheriff until the 11th day of July, 1892, when after due and legal notice, the same was sold to appellant on execution, in full satisfaction of a judgment entered in said action, in favor of the plaintiff and against said Eickelberg, on the 27th day of April immediately preceding, and the usual certificate of sale was thereupon executed and delivered to said purchaser. It also appears further from the evidence and findings of fact that on the 17th day of September, 1891, appellant filed a notice of *lis pendens*, and as conclusions of law the court found that respondent Roblin is, and ever since August 1, 1891, has been, the owner and in possession of the property in dispute, and that appellant's *lis pendens*, attachment, and sale of the premises on execution in satisfaction of the judgment against Eickelberg constitute no valid lien thereon, and that appellant had no interest therein; that said certificate of sale and notice of *lis pendens* should be delivered up and canceled of record, and the execution and delivery of a deed by virtue of the proceedings had in the action of appellant Palmer against Eickelberg should be perpetually enjoined. As a partial defense to respondent's cause of action, it was alleged in the answer of appellant that Eickelburg conspiringly transferred the property to Roblin, without consideration, pursuant to an arrangement between the parties, to thereby cheat and defraud appellant, by preventing the collection of his claim against said Eickelberg. There being no evidence offered in support of the forego-

ing averment, and appellant having in open court abandonded in every particular all the allegations of his answer relating to the question of fraud, no finding of fact was made thereon, and this omission on the part of the court is assigned as error.   In view of the express abandonment at the trial, failure to introduce evidence or request a finding upon the question of fraud, which confessedly must have been adverse to appellant, his objection is without avail.   Bank v. Dyer (Wash.), 44 Pac. 534.

Respondent's deed, executed and delivered August 1, 1891, was placed of record, as previously stated, at 2 o'clock in the afternoon of September 2, 1891; and, while the return of the officer levying the attachment upon that day does not state the hour of seizure, there was evidence offered upon the part of appellant tending to show that the levy was in fact made in the forenoon of September 2d, and that appellant thereupon entered upon the premises, which were vacant and unoccupied, and has from that time to this remained in actual possession thereof. As appellant was in no event entitled to the actual possession of the premises under the attachment and the court found that respondent was in possession at the time of the levy, under his deed, that issue, and all evidence offered upon the question of possession, was wholly immaterial, and a finding thereon might well have heen omitted.   As the levy of an attachment upon real property in this state neither gives to an officer nor an attaching creditor any possessory right, appellant was a mere trespasser, and obtained no advantage by his unauthorized acts of occupancy.   Wade, Attachm. 251.

Eickelberg having no interest or estate in the property, and respondent being the absolute owner thereof, when the attachment was levied no advantage was gained, as between the parties to this suit, by the recording of the deed, and it is wholly immaterial whether the property was attached before or after the deed went to record.   While the issue as to priority was wholly immaterial and no finding of fact thereon was necessary, we shall assume for the purposes of this case that

respondent's deed, executed and delivered before any steps had been taken in the attachment proceedings, was not of record when appellant caused the premises described therein to be levied upon as the property of Eickelberg, the attachment debtor. Eickelberg's interest and estate were wholly divested by the execution of a deed, good as between the parties, though unrecorded, and as against all subsequent purchasers or incumbrancers, and their successors and assigns, whose incumbrances were not first duly recorded; and as the statute relates exclusively to the property of the attachment debtor, and limits the seizure and sale under attachment proceedings strictly to his interest at the time of the levy, appellant gained no advantage by attaching respondent's property, and obtained nothing at the execution sale. Under no statutory provision is an unrecorded deed void as against creditors of the grantor subsequently attaching, and the trial court was right in its conclusion that the title acquired by an unrecorded deed is prior and superior to that obtained by a purchaser at an execution sale under an attachment. Bateman v. Backus, 4 Dak. 433, 34 N. W. 66. See, also, Plant v. Smythe, 45 Cal. 161; Runyan v. McClellan, 24 Ind. 165; Norton v. Williams, 9 Iowa 529; Banking Co. v. Duncan, 86 N. Y. 221. Counsel's contention that this suit and the proceedings had therein constitute a collateral attack upon the judgment in the case of Palmer v. Eickelberg is without merit, and requires no special notice. The judgment appealed from is affirmed.