[No. 2676. Decided January 8, 1898.]

B. M. LONG *et al., Appellants,* v. CHARLES EISENBEIS *et al., Respondents.*

REFORMATION OF JUDGMENT — EQUITABLE RELIEF — LACHES.

Equity may be invoked for the correction of errors in entering judgments which are in the nature of clerical error, but not for the correction of such errors as are involved in the express judgment pronounced by the court in the exercise of its judicial discretion.

The fact that the findings of fact and conclusions of law warrant a decree of broader scope than the one rendered will not warrant the interference of a court of equity in an action to amend the decree, when the original pleadings upon which the findings and decree are based are not set out, so as to show the character of the relief demanded and the defense interposed in the original action.

A party seeking the aid of a court of equity for the vacation of a judgment after the period allowed by statute for correction upon motion in the original action, must show that he is without fault or negligence in not having made seasonable application under the provisions of the statute.

Appeal from Superior Court, Jefferson County.—Hon. JAMES G. McCLINTON, Judge. Affirmed.

*George H. Jones, T. J. Humes,* and *Allen Weir,* for appellants.

*A. R. Coleman,* for respondents.

The opinion of the court was delivered by

REAVIS, J.—This is a suit commenced by plaintiffs in the superior court of Jefferson county to correct and amend a judgment and decree rendered in said court on the 31st day of October, 1895, in which action Henry Bash, Susan W. Bash, B. M. Long, Clementine B. Long and Francis L. Bash were plaintiffs, and Charles Eisenbeis and Kate Eisenbeis were defendants. The bill of complaint, which is entitled the petition, sets forth thirteen findings of fact filed in the original cause, the conclusions of law, and decree which is here sought to be vacated. The decree, after a recitation of the appearance and motion of counsel for plaintiffs for judgment in accordance with the findings of fact and conclusions of the court theretofore made and filed, decrees and adjudges that plaintiffs have and recover from defendants and each of them the sum of $3,237.03, with interest thereon, and costs and disbursements, and further adjudges and decrees that plaintiffs are owners of and enti-

tled to the possession of an undivided onehalf interest in real estate, describing it by lots and blocks, situated in Juan de Fuca addition to the city of Port Townsend.

The complaint in this cause alleges that the judgment and decree complained of is void in that it is in favor of Henry Bash, Susan W. Bash, B. M. Long, Clementine B. Long and Francis L. Bash, plaintiffs in the original cause, jointly, and the record shows that Henry Bash and Susan W. Bash, and each of them, had no interest in the subject matter of the action, that the findings of fact on which the decree was based show there was no interest in said plaintiffs Bash and Bash, and that the findings of fact also show that B. M. Long, Clementine B. Long and Francis L. Bash jointly are entitled to judgment against Charles Eisenbeis and Kate Eisenbeis in the sum of $3,596.03, when the decree only adjudged $3,237.03.

It is further alleged that on the 14th day of August, 1888, Henry Bash held a bond for the conveyance of two hundred acres of land more or less, and on that day Henry Bash and defendant Charles Eisenbeis entered into a certain agreement in writing, by the terms of which Eisenbeis agreed to pay $100 per acre for the tract and expenses necessary in transferring, platting, surveying and selling the same, to be thereafter sold with the consent and approval of Henry Bash and in such manner as they should mutually agree; that after payment for said land, Charles Eisenbeis should receive the proceeds from the sale thereof to the amount of the purchase price and all expenses incurred by him; then the balance of all the moneys arising from the sale should be divided equally between himself and Henry Bash, share and share alike; that under the terms of said agreement Eisenbeis paid the purchase price to Bash and received a deed of conveyance, which had been procured by Bash, of the land theretofore held

by him under bond, and platted 153.24 acres of the same, and Eisenbeis had sold the greater portion of the 153.24 acres so platted; that on the 30th of May, 1892, Henry Bash and Susan W. Bash executed and delivered their deed to the plaintiffs B. M. Long and Francis L. Bash of all the right, title and interest of Henry Bash and Susan W. Bash to the lands conveyed to the defendant Eisenbeis under the written agreement heretofore mentioned. The foregoing allegations were found as facts by the superior court in the original action. A general demurrer to the complaint was sustained by the superior court, from which plaintiffs have appealed.

1. Plaintiffs maintain here that the judgment sought to be vacated was inadvertently made and entered and that such inadvertence is apparent from the face of the judgment roll, including the findings; that it failed to decide the matters in controversy between the parties, and that it was entered by mistake and does not express the decision of the court; and it is contended that the superior court may, at any time its attention is called to the fact, correct a mistake in its records, and that the decree should conform to the findings of fact and conclusions of law. To support this contention plaintiffs cite *Kohn v. Lovett*, 43 Ga. 180; *Brewer v. Jones*, 44 Ga. 71; *Crim v. Kessing*, 89 Cal. 478 (23 Am. St. Rep. 491, 26 Pac. 1074); 2 Freeman, Judgments, § 500a.

Mr. Freeman, in the section above cited, says:

" Mistakes of fact, whether made by the court or by one of the parties, have been successfully employed as grounds for obtaining the interposition of courts of equity, and securing the relief of the party injured by the mistake."

But the authorities cited by plaintiffs go to the correction of mere clerical errors or misprision, as in the case of *Wilson v. Boughton*, 50 Mo. 17, where a mistake was made

in calculating the interest on a note, and when the case was called for judgment, the judge, without calculating the amount, asked the attorney what it was, and the latter, being under a mistake, gave the result of the incorrect calculation to the court, and judgment was entered for an erroneous amount. The plaintiff discovered the mistake after it was too late to correct it on motion, and brought suit in equity to correct it by compelling the defendant to pay the amount left out by inadvertence, and it was held that equity had, under the circumstances, jurisdiction to grant the relief sought. *Boon v. Miller's Ex'rs*, 16 Mo. 457, was a settlement of partnership accounts. It involved a miscalculation of interest amounting to some $900. It was a mistake of fact and the court took jurisdiction and reformed the judgment.

But Mr. Freeman in his work on Judgments (Vol. 1, § 72, p. 100), says, citing *Doane v. Glenn*, 1 Colo. 456:

"That any error or defect in a record which occurs through the act or omission of the clerk of the court in entering, or failing to enter of record, its judgments or proceedings, and is not an error in the express judgment pronounced by the court in the exercise of its judicial discretion, is a mere *clerical error*, and amendable, no matter in how important a part of the record it may be;"

and he also says further, § 500a:

"It seems to be well established by the authorities that a mistake in calculating the amount due by which the judgment was entered for a wrong sum may be corrected in equity. An error in computation is not necessarily attributable to negligence, for 'the most careful and expert calculators sometimes make mistakes.'"

2. The petition to vacate the decree does not exhibit the entire record upon which the decree was based, and, if there be any seeming inconsistency between the portions of the record pleaded, they must be presumed to be explained

by that portion of the record which is not shown. The complaint upon which the judgment sought to be vacated was founded is not shown. Neither is it shown whether the defendants in the original action appeared, or what, if any, defense was interposed, nor what was the relief demanded in the original complaint. That the complaint states facts is not sufficient to entitle the plaintiff to relief; he must also ask for it when no answer is made in the cause. *Bank of California v. Dyer*, 14 Wash. 283 (44 Pac. 534).

We agree with counsel for the respondents that the decree must be supported by the findings and conclusions, but that it does not always necessarily follow that the decree shall be as broad as the findings and conclusions are. The contention of plaintiffs here is that the decree was not broad enough, and that it did not adjudge finally the rights of the respective plaintiffs, but we have not the pleadings to point out what rights were claimed by the respective plaintiffs. The reformation of the judgment demanded by the plaintiffs is a material change in substance of the judgment sought to be vacated and not merely the correction of a misprision, or negligent clerical entry.

3. More than a year elapsed before plaintiffs took any action with reference to the judgment sought to be vacated. No motion was made as provided for in section 221, 2 Hill's Code (Bal. Code, § 4953).

Mr. Freeman, in discussing the statutes which authorize a motion to vacate judgments after the term when rendered, and the effect of such statutes upon proceedings in equity, says:

" Neither do these statutes preclude a party, in a proper case, from obtaining relief in equity, after the time for applying for relief under these statutes ' has elapsed, provided proper reasons are shown for not making such applica-

tion.' " Section 105. See, also, *Ede v. Hazen*, 61 Cal. 360.

No reason is alleged by plaintiffs why application to vacate the judgment in the original action was not seasonably made. It will be found upon an examination of the authorities that where such applications to vacate a judgment have been entertained it has been in those cases where the complainants were without fault or negligence.

The judgment of the superior court is affirmed.

SCOTT, C. J., and DUNBAR, GORDON and ANDERS, JJ., concur.