[No. 9062.  Department Two.  November 16, 1910.]

MARTHA ANDERSON, *Appellant*, v. T. S. BURGOYNE,
*Respondent*.[1]

HUSBAND AND WIFE — COMMUNITY DEBT — PERSONAL JUDGMENT
AGAINST WIFE.  In an action upon a note executed by the husband
alone, personal judgment against the wife is unauthorized, the plain-
tiffs being confined ·to establishing the community character of the
indebtedness.

JUDGMENTS—RES JUDICATA—JUDGMENTS NOT FINAL.  The denial
of a motion to vacate an order sustaining a demurrer in a garnish-
ment proceeding is not final, and is accordingly not *res judicata*.

JUDGMENT—DEFAULT—PRESUMPTIONS—VACATION.  A party has a
right to presume that the plaintiff will not take a different default
judgment than the facts alleged warrant.

JUDGMENTS—VACATION—EQUITABLE RELIEF—LIMITATIONS.  Relief
against a judgment may be granted in equity after the expiration
of one year from the date of its entry, where the parties had no
actual notice of the matter complained of until a few days before the
action was commenced, nor notice of the facts sufficient to put them
on inquiry.   .

Appeal from a judgment of the superior court for King
county, Frater, J., entered April 16, 1910, upon findings in
favor of the defendant, after a trial on the merits before the
court without a jury, dismissing an action to reform a judg-
ment.  Reversed.

*Peters & Powell*, for appellant.

*J. W. Langley, Robert D. Hamlin (F. A. Gilman*, of coun-
sel), for respondent.

RUDKIN, C. J.—On the 17th day of September, 1906,
A. M. Anderson, husband of the plaintiff, Martha Anderson,
made, executed and delivered to the defendant, Burgoyne,
his two promissory notes for the sum of $925 and $1,000
respectively, payable on or before March 26, 1907.  The

[1]Reported in 111 Pac. 777.

notes were not paid at maturity, and on the 30th day of April, 1907, Burgoyne instituted an action in the court below against Anderson and wife to recover the amount of the two notes with accrued interest. The complaint alleged that the husband executed the notes on behalf of himself and wife, that the notes constituted a community obligation of the husband and wife, and prayed for judgment against the husband and wife and each of them. The wife interposed a demurrer to the complaint, which was overruled, and failing to appear or plead further, a joint and several judgment was given by default against both husband and wife on the 2d day of July, 1907. On the 28th day of October, 1907, Burgoyne caused a writ of garnishment to issue on the judgment against certain creditors of the Andersons. On the 19th day of November, 1907, the plaintiff in this action filed her petition in intervention in the garnishment proceeding, wherein she alleged that the property or indebtedness sought to be reached by the garnishment was her separate property. On the 5th day of November, 1908, the intervention was allowed by order of court, and the defendant, Burgoyne, was given ten days to plead thereto. On the 4th day of December, 1908, a demurrer was interposed to the petition in intervention, and on the 12th day of December following, the demurrer was sustained. On the 18th day of December, 1908, the plaintiff herein and her husband moved the court to vacate the last mentioned order sustaining the demurrer, and for a reargument of the cause, which motion was denied on the 19th day of January, 1909.

On the 22d day of January, 1909, the present action was instituted in equity to reform the original judgment, by eliminating therefrom that part which gave a personal judgment against the wife. The court found the foregoing facts, in substance, and found in addition thereto that the attorneys for the plaintiff in the original action did not intend to take a personal judgment against the wife, but only a judgment establishing the community character of the indebtedness, that

a copy of the judgment was not served on the plaintiff herein or her attorneys, and that they had no notice that a personal judgment had been taken against the wife until shortly before the commencement of this action, except such notice as might be imputed to them or implied from the foregoing facts. The court was of opinion, however, that the order denying the motion to vacate the order sustaining the demurrer to the petition in intervention in the garnishment proceeding was *res adjudicata*, and a bar to the present action, and entered a judgment of dismissal, from which this appeal is prosecuted.

In so far as the equities of the case are concerned, there is little room for controversy. It is not seriously contended on this appeal, nor could it be successfully contended, that the original judgment against the wife was authorized or proper, for in an action on a promissory note executed by the husband alone the utmost relief the plaintiff is entitled to, as against the wife, is a judgment establishing the community character of the indebtedness. *Commercial Bank of Vancouver v. Scott*, 6 Wash. 499, 33 Pac. 829, 34 Pac. 434; *McDonough v. Craig*, 10 Wash. 239, 38 Pac. 1034; *Gund v. Parke*, 15 Wash. 393, 46 Pac. 408; *Clark v. Eltinge*, 29 Wash. 215, 69 Pac. 736.

Nor was the order or judgment in the garnishment proceeding a bar to the present action. For, waiving the question whether that order involved the merits of the case, it was not final (*Seattle & N. R. Co. v. Bowman*, 46 Wash. 90, 89 Pac. 399), and final judgments alone work an estoppel. *Wilson v. Hubbard*, 39 Wash. 671, 82 Pac. 154; Freeman, Judgments (4th ed.), § 251.

The bar of the statute and laches are the only questions remaining for consideration. This court has adopted the general rule that a party may obtain relief in equity against a judgment, after the expiration of a year from the date of its entry, if proper grounds for equitable interposition are shown. *Long v. Eisenbeis*, 18 Wash. 423, 51 Pac. 1061; *State ex rel.*

*Boyle v. Superior Court,* 19 Wash. 128, 52 Pac. 1013, 67 Am. St. 724; *Peyton v. Peyton,* 28 Wash. 278, 68 Pac. 757; *State ex rel. Post v. Superior Court,* 31 Wash. 53, 71 Pac. 740.

When a party is sued he has a right to presume that no other or different judgment will be taken against him by default than the facts alleged will warrant, and he may safely rely on that presumption until he has actual or constructive notice to the contrary. We think it clearly appears in this case that neither the appellant nor her attorneys had actual notice of the form or contents of the original judgment against her until a few days before the institution of the present action, nor do we think that she or they had notice of facts sufficient to put one of reasonable prudence upon inquiry. The judgment of the court below is therefore reversed, with directions to enter judgment in favor of the appellant in accordance with the prayer of her complaint.

CHADWICK, MORRIS, CROW, and DUNBAR, JJ., concur.