[No. 12359. Department Two. May 24, 1915.]

William A. Crawford et al., Appellants, v. A. F. Timm et al., Respondents.[1]

Vendor and Purchaser—Bona Fide Purchaser—Possession—Notice. The retention of possession by grantors, after giving a deed conveying full title, is not constructive notice to an innocent subsequent purchaser from the grantee that the grantor retained an interest in the land; since the absolute conveyance estops the grantor from setting up any secret arrangement which might impair the grant.

Appeal from a judgment of the superior court for Stevens county, Jackson, J., entered October 7, 1913, upon findings in favor of the defendants, in an action to quiet title, tried to the court. Affirmed.

*Jesseph & Bourland,* for appellants.

*Stull, Wentz & Bailey* and *Reed & Boughton,* for respondents.

Morris, C. J.—Prior to February 11, 1913, appellants were the owners of a ranch in Stevens county. On that day, as the result of negotiations commenced some days previous, they conveyed this ranch to one Miller, subject to a mortgage of $1,500. The consideration for this conveyance was an exchange of certain lands in Ochiltree county, Texas, of which Miller represented himself as the owner. A few days later the respondent A. F. Timm, who was the owner of a

[1]Reported in 148 Pac. 886.

ranch near Coeur d'Alene, Idaho, and who had listed this ranch for sale or exchange with the Colvin Realty Company, of Spokane, met Miller, and as a result of negotiations between them, Timm exchanged his Idaho ranch for the Stevens county ranch which the Crawfords had, by warranty deed, conveyed to Miller subject to the $1,500 mortgage. Timm had some acquaintance with the Stevens county ranch, and in addition made some inquiries of one Turner, satisfying himself that the property was as represented by Miller. Timm was told by Miller that, under the arrangements made, Crawford was to remain in possession of the Stevens county land until April 1, 1913, for the purpose of wintering his stock. Prior to the delivery of his deed to Miller, Timm caused the Colvin Realty Company to examine an abstract covering the Crawford ranch and the deed from Crawford to Miller, and satisfied himself as to the title to the land. He then started for the Crawford ranch, arriving there the evening of February 24th, and remaining until the morning of February 26th.

During this interim, Crawford and Timm had numerous conversations relative to the character of the understanding between Crawford and Miller, under which Crawford had conveyed to Miller. The only difference between them as to these conversations is that Crawford says he told Timm that the purpose of his remaining in possession until April 1st was to enable him to winter his stock and have an opportunity to examine the Texas lands, and if these were not found to be as represented by Miller the exchange was to be called off. Timm denies that anything was said as to Crawford remaining until April 1st other than to winter his stock and await the opening of some mining work in which he was interested, and that for this purpose he gave his consent for Crawford to so remain. The findings of the lower court favored Timm's version of these conversations, with which findings we agree, as they are supported by a preponderance of the testimony. The attorney who drew the deed from

Crawford to Miller testified that, at the time he drew the deed, he cautioned Crawford and urged him to be careful, and Crawford answered that he was satisfied. Miller's representations as to the Texas land were fraudulent, and his deed was worthless. Crawford commenced this action to quiet title as to Timm and Miller, on March 21, 1913, upon receipt of information from Texas to the effect that the lands conveyed by Miller were school lands and the sale had been forfeited for nonpayment of interest, and further informing him that the records did not show that Miller had any interest in the land. Being unsuccessful, Crawford has appealed. No question is raised as to Timm's good faith.

The facts stated are sufficient to present the legal question involved as to the effect of Crawford's possession as being notice to Timm, and bring the case squarely within the rule of *Murry v. Carlton*, 65 Wash. 364, 118 Pac. 332, 44 L. R. A. (N. S.) 314, where it is held that possession by a grantor subsequent to his conveyance of full title of record is not constructive notice to a subsequent innocent mortgagee of a grantor's right to remain in possession under an agreement calling for the support and maintenance of the grantor, giving him possession of the premises during life, this agreement not being placed of record. The above holding disposes of the appeal. Having so recently passed upon this question, it is not necessary to again refer to the reasoning or authorities adopted by us in reaching our conclusion upon a question concerning which there is much difference of opinion. We are now, as we were then, satisfied with the conclusion then reached as in accord with the better reasoning and the great weight of authority. Appellants' unfortunate situation is the result of their own credulity and lack of business sense. Their own act has brought this misfortune upon them, and they cannot now shift its burden to respondent, who is innocent of wrongdoing.

Upon authority of the cited case, the judgment is affirmed.

Crow, Main, Fullerton, and Ellis, JJ., concur.