[No. 18572.  Department Two.  July 7, 1924.]

NELL T. BATES, *Appellant*, v. PETE GLASER, *Respondent*.[1]

JUDGMENT (142)—VACATION—EQUITABLE RELIEF—LIMITATIONS. An action in equity to set aside a judgment obtained through fraud may be commenced after discovery of the fraud, and is not subject to the one year limitation after entry of the judgment provided by Rem. Comp. Stat., §§ 466, 467, for the vacation of judgments.

HUSBAND AND WIFE (94)—COMMUNITY DEBT—PERSONAL JUDGMENT AGAINST WIFE. A judgment specifically against a man and his wife is, on its face, a judgment creating a lien upon their separate estates.

JUDGMENT (30, 113, 134)—BY DEFAULT—CONFORMITY TO PLEADINGS—FRAUD. A default judgment cannot be entered against a wife, in an action on a promissory note signed by the husband alone, in the absence of any allegation justifying a judgment against her other than as a member of the community; and it is fraud in law to enter such judgment when there was nothing in the pleadings to warrant it.

Appeal from a judgment of the superior court for King county, Frater, J., entered December 17, 1923, upon sustaining a demurrer to the complaint, dismissing an action to vacate a judgment. Reversed.

*Smith & McCullough*, for appellant.

*Egan & Moriarty*, for respondent.

PEMBERTON, J.—The appellant commenced this action in equity to set aside a judgment entered against her on or about September 30, 1921. The following demurrer was sustained to the third amended complaint:

"1.  That several causes of action have been improperly united.

"2.  That the action has not been commenced within the time limited by law.

[1]Reported in 227 Pac. 15.

"3. That said third amended complaint does not state facts sufficient to entitle plaintiff to the relief sought, or to any relief."

From judgment of dismissal, this appeal is taken.

On July 12, 1921, respondent commenced an action against appellant and her husband, Norman F. Bates, upon a promissory note signed by Norman F. Bates alone. Personal service was had, and the appellant not appearing, the plaintiff secured judgment by default. The judgment provided that it was "against the defendants, Norman F. Bates and his wife, Nellie Bates."

The appellant states that the complaint sufficiently alleges that "the judgment was obtained through fraud; that she had no personal or other knowledge of the judgment until within a short time before the commencement of this action, and that she has no plain, speedy or adequate remedy at law for relief against the judgment."

Respondent insists that, under §§ 466 and 467, Rem. Comp. Stat. [P. C. §§ 8132, 8133], it is necessary to begin the action within one year after the entry of the judgment, and this action not having been commenced within the year, the court properly sustained the demurrer.

Under the allegations of the complaint, this action was brought soon after the discovery of the fraud, and this is sufficient in a suit in equity. *Long v. Eisenbeis,* 18 Wash. 423, 51 Pac. 1061; *State ex rel. Boyle v. Superior Court,* 19 Wash. 128, 52 Pac. 1013, 67 Am. St. 724; *Peyton v. Peyton,* 28 Wash. 278, 68 Pac. 757; *State ex rel. Post v. Superior Court,* 31 Wash. 53, 71 Pac. 740; *Seattle v. Krutz,* 78 Wash. 553, 139 Pac. 498; *State ex rel. Pacific Loan & Investment Co. v. Superior Court,* 84 Wash. 392, 146 Pac. 834; *Anderson v. Bur-*

*goyne,* 60 Wash. 511, 111 Pac.. 777; *State ex rel. North-ern Pac. R. Co. v. Superior Court,* 101 Wash. 144, 172 Pac. 336.

Respondent contends that, under the provisions of the judgment, it discloses to anyone that the judgment is a community judgment and not a separate judgment against appellant. The judgment specifically providing that it is against the defendants Norman F. Bates and his wife, Nellie Bates, this judgment would apparently create a lien upon separate real estate of appellant.

It is contended that, under the allegations of the complaint, fraud is not sufficiently alleged to support a claim in equity. At the time of the institution of the suit it was the privilege of appellant to permit judgment of default against her. However, a judgment of default cannot go farther than the allegations of the complaint. There is no allegation in the complaint to justify a decree or judgment against appellant other than as a member of the community. As was said in the case of *Anderson v. Burgoyne,* 60 Wash. 511, 111 Pac. 777:

"In so far as the equities of the case are concerned, there is little room for controversy. It is not seriously contended on this appeal, nor could it be successfully contended, that the original judgment against the wife was authorized or proper, for in an action on a promissory note executed by the husband alone the utmost relief the plaintiff is entitled to, as against the wife, is a judgment establishing the community character of the indebtedness."

By taking judgment against appellant personally, when there was nothing in the complaint on which to base this judgment, we must hold that the respondent was guilty of fraud in law, and the trial court erred in sustaining a demurrer to the third amended complaint.

The case is reversed and remanded with directions to overrule the demurrer.

BRIDGES, MITCHELL, FULLERTON, and HOLCOMB, JJ., concur.