[No. 19082.  Department One.  April 14, 1925.]

GEORGE BOERINGA, *Respondent*, v. EDWARD C. BROCK-
WAY, *Appellant*.[1]

JUDGMENT (102) — DEFAULT — VACATION — GROUNDS—DEFECTS IN
PROCESS—JURISDICTION.  A defect in the copy of a mortgage fore-
closure complaint, in that the copy of the mortgage, attached as an
exhibit, omitted the description of the property, is not ground for the
vacation of a default judgment, asked without any affidavit of a
meritorious defense, where the original complaint, filed before serv-
ice, contained a full copy of the mortgage, and alleged the date and
place of record, and the summons gave notice that judgment would
be taken according to the demand of the complaint which would
be filed with the clerk.

Appeal from an order of the superior court for
Yakima county, Nichoson, J., entered September 2,
1924, denying the vacation of a foreclosure decree,
after a trial to the court.  Affirmed.

*David Rankin*, for appellant.

*R. B. LeCocq* and *W. A. Funk*, for respondent.

PARKER, J.—The defendant, Brockway, seeks vaca-
tion of a decree of foreclosure of a mortgage upon
land owned by himself and his wife, rendered by the
superior court for Yakima county.  A trial upon the
merits involving a question of fact touching the alleged
insufficiency of the service of summons and complaint
upon Brockway, resulted in an order denying vacation
of the foreclosure decree, from which order he has ap-
pealed to this court.

The controlling facts are not in dispute here and
may be summarized as follows: On April 3, 1919,
Brockway and wife executed and delivered to the plain-
tiff, Boeringa, the mortgage in question to secure an
indebtedness then owing from them to him.  On April

[1]Reported in 234 Pac. 1015.

23, 1924, the indebtedness being due and unpaid, Boeringa commenced this action in the superior court for Yakima county, seeking foreclosure of the mortgage and sale of the property. The action was commenced by the filing of the orginal summons and complaint in the office of the clerk of the superior court. On April 28, 1924, Mrs. Brockway was duly personally served with true copies of the summons and complaint. On the same day, Brockway was also duly personally served with true copies of the summons and complaint, except that the purported copy of the mortgage attached to the copy of the complaint served upon him did not contain a description of the property; a considerable space therein, evidently intended for the description of the property, being left blank. This manifestly occurred by first preparing typewritten and carbon copies of the mortgage with the description space therein left blank; this evidently with a view of filling in the description later, which description is long and much involved. The copy of the mortgage attached to the original complaint which was filed with the summons in the office of the clerk of the superior court was a true copy in every respect, including the description of the property. While the body of the complaint does not describe the property other than by reference to the attached copy of the mortgage, it does contain this allegation:

"That said mortgage was duly recorded in the office of the County Auditor of Yakima County, Washington, in volume 125 of Real Estate Mortgages on page 201, Records of Yakima County, Washington; a copy of which said mortgage is hereto attached marked Exhibit 'A' and by this reference made a part hereof."

The summons, following the usual requiring of the defendant to appear and answer the complaint, concluded as follows:

"And in case of your failure so to do, judgment will be rendered against you according to the demand of the complaint, which will be filed with the clerk of said court, a copy of which is herewith served upon you."

The original complaint filed with the summons clearly states good cause for recovery and foreclosure against the property described in the copy of the mortgage attached to the complaint. The same may be said of the copy of the complaint and copy of the mortgage attached thereto served upon Brockway, except in so far as that copy of the mortgage was defective in the omission of the description of the land as above noticed. On May 24, 1924, Brockway not having answered or appeared, he was adjudged to be in default. On July 1, 1924, the case was heard upon the merits and final decree of foreclosure rendered against Brockway as well as against his wife. On August 2, 1924, Brockway filed in the case his verified application to vacate the decree of foreclosure, setting up as cause therefor the facts outside of the record above noticed. He has not, however, at any time made any showing of facts constituting any meritorious defense to the foreclosure of the mortgage.

As we understand counsel for Brockway, his right to have the default foreclosure decree vacated is rested upon the theory that the copy of the complaint served upon him fell so far short of stating a cause of action, by reason of the omission of the description of the property in the copy of the mortgage attached thereto, as to render the decree void, or rather voidable, upon proof of the want of description of the property in the copy of the complaint or the copy of the mortgage attached thereto served upon him, and that therefore he is entitled to have the decree vacated as being rendered without jurisdiction, and hence without the

necessity of showing any meritorious defense against the foreclosure of the mortgage; relying upon the law as announced in our decisions in *Anderson v. Burgoyne,* 60 Wash. 511, 111 Pac. 777; *Lushington v. Seattle Auto & Driving Club,* 60 Wash. 546, 111 Pac. 785; *State ex rel. First Nat. Bank v. Hastings,* 120 Wash. 283, 207 Pac. 23; and *Bates v. Glaser,* 130 Wash. 328, 227 Pac. 15.

Our problem here is not one of the sufficiency of the original complaint filed with the clerk of the superior court to support the foreclosure—indeed, there is no question as to its sufficiency; but the question is whether or not the want of description of the property in the copy of the complaint or in the copy of the mortgage attached thereto which was served upon Brockway, is fatal to the jurisdiction of the court to render final decree of foreclosure in accordance with the complaint filed in the office of the clerk of the superior court. We have seen that, while the copy of the mortgage attached to the copy of the complaint served upon Brockway did not contain any description of the property, it did show upon its face a manifest inadvertent omission to actually describe the property; that the body of the complaint alleged that the mortgage sought to be foreclosed was of record at a specified page of a specified volume of the mortgage records of Yakima county; that the summons served upon Brockway advised him that the complaint "will be filed with the clerk of said court, a copy of which is herewith served upon you"; and that the complaint, with a full and true copy of the mortgage sought to be foreclosed, was then actually on file in the office of the clerk of the superior court.

It may be conceded that, if Brockway were here seeking the vacation of the foreclosure decree with a view of being heard upon the merits of Boeringa's claim of

foreclosure and had made some showing in that behalf, accompanied by a further showing that he was misled by the omission of the description of property in the copy of the mortgage attached to the copy of the .complaint served upon him, to his prejudice, he might be entitled to relief to the extent of the vacation of the decree and opening of the case for the making of his defense; but such is not his purpose here. So, as already suggested, our problem is, in substance, one of jurisdiction in the superior court to render the decree of foreclosure.

It seems to us, under the circumstances of this case, that the summons which was served upon Brockway must be considered as the jurisdictional process and sufficient, together with the original summons and complaint on file, to empower the court, so far as its jurisdiction is concerned, to render the decree of foreclosure. It is true that the concluding words of the summons are in effect in the conjunctive, informing Brockway both that the complaint would be filed and also that a copy was therewith served upon him, while the statute prescribing the form of summons, § 223, Rem. Comp. Stat. [P. C. § 8435], contemplates that the summons may refer alone to the filing of the complaint without being accompanied with a copy of the complaint. While a defect in the served copy of a complaint might mislead a defendant to his prejudice, it seems clear to us that Brockway was not misled as to the cause of action upon which foreclosure was sought. This case may be likened to one wherein a default judgment or decree has been rendered upon a complaint which, though in some measure defective, is not so far short of stating a cause of action as to fail to support a judgment or decree rendered thereon. From among the authorities supporting our conclusion, we note the following: *Gibson v. Dizney,* 72 Okl. 69, 178

Pac. 124; *Christerson v. French,* 180 Cal. 523, 182 Pac. 27; *Crawford v. Pierse,* 56 Mont. 371, 185 Pac. 315; *Mader v. Christie,* 52 Cal. App. 138, 198 Pac. 45; 34 C. J. 154.

The order denying Brockway's application to vacate the decree is affirmed.

TOLMAN, C. J., MAIN, BRIDGES, and ASKREN, JJ., concur.