[No. 24433. Department One. June 23, 1933.]

C. F. RIDDELL et al., Respondents, v. KITTIE DAVID et al., Appellants.[1]

[1]Reported in 23 P. (2d) 22.

*John J. Sullivan, George E. Mathieu,* and *Stedman & Stedman,* for appellants.

*Jay C. Allen* and *Riddell & Bracket,* for respondents.

*James R. Chambers, amicus curiae.*

STEINERT, J.—This is an appeal from an order denying a petition to vacate a judgment.

The facts are these: Plaintiffs commenced an action in the superior court for King county against Kittie David and the marital community consisting of Kittie David and J. W. David, her husband, to recover upon an assigned claim for attorney's fees alleged to have been earned by the two law firms of which plaintiffs were, respectively, members. The summons and complaint in the action designated Kittie David and the marital community as defendants. The husband, J. W. David, was not named therein in his individual capacity.

The complaint alleged that Kittie David, on her own behalf and on behalf of the marital community pursuant to authorization by J. W. David, had theretofore employed the two law firms to represent the defendants named in the complaint, and to protect and defend their interest in certain property rights. The assignment upon which the action was predicated stated specifically that the fees were due from Kittie David and the marital community, no mention being made of the husband in his individual capacity.

An appearance was entered for the defendants as described in the caption of the complaint. Various

motions, directed to plaintiffs' pleading, were interposed and thereafter disposed of. A demurrer to the complaint was also filed, but it is a disputed question whether this was waived by defendants; if it was not waived, it has not otherwise been formally disposed of. No answer was ever served or filed by defendants. The cause was regularly set for trial on the merits, it sufficiently appearing from the record that this was done with the knowledge and consent of the attorneys then representing the defendants in the case. The defendants had, in the meantime, been represented in the action by two successive sets of attorneys other than the attorneys now representing them.

When the case was called for trial, the defendants did not appear, either personally or by an attorney, but no formal default was entered against them. The cause proceeded to trial, and after hearing the evidence, the court determined that plaintiffs were entitled to recover from the defendants originally named in the action, and also from J. W. David individually. The court thereupon directed that findings and conclusions be drawn in accordance with its holding, and that they be served upon the defendants, including J. W. David. This was done. Thereafter, on June 9, 1932, the court signed and entered the findings, conclusions and also judgment, in which the husband and wife and the marital community were named as defendants and all held liable upon plaintiffs' claim.

Thereafter, plaintiffs instituted supplemental proceedings, and in response thereto several other sets of attorneys, from time to time, appeared for defendants, including J. W. David, and requested continuances of the proceedings. In the meantime, a garnishment had been issued upon the judgment, to which a motion to quash was interposed by the attorney for the garnishee.

Finally, on September 15, 1932, a petition to vacate the judgment was filed by the present sets of attorneys on behalf of all the defendants as they are now designated. At the same time, a motion to quash the supplemental proceedings was filed. On October 6, 1932, after hearing by the court, the motion to quash the supplemental proceedings, the petition to vacate the judgment and the motion to quash the writ of garnishment were each and all denied. From an order entered thereon, this appeal was taken.

There are no specific assignments of error, but, as we interpret appellants' brief, it is their position that the judgment entered against the appellants is wholly void, and that the court erred in refusing to set it aside; and that, in any event, the judgment should have been vacated to permit appellants to go to trial on the merits, and that the court erred in refusing them that opportunity.

The principal question in the case, from our point of view, concerns the effect to be given to the judgment against J. W. David individually. We have already narrated the circumstances leading up to, and connected with, the judgment, as it affected him. There is a good deal of discussion in the briefs upon the question of whether or not the judgment was one by default. It seems to us immaterial whether we consider it a judgment by default or a judgment after trial upon the merits. So far as J. W. David, individually, is concerned, he was not a party to the action, and therefore no default could have been taken against him, nor any judgment in the condition of the pleadings as they then stood.

If the proof offered at the trial established his individual liability, as the court concluded that it did, the court could have permitted an amendment of the complaint to conform to the proof, but this would not

warrant the entry of a judgment against J. W. David, in his absence, without service of the required process upon him. He would still be entitled to be brought into court in the regular way to resist, if he so desired, the claim thus made against him. The issue then presented would not be whether he was to be bound by a finding already directed to be made against him upon evidence already heard, but whether such finding should be made against him at all upon the evidence then to be submitted. The judgment and the supplemental proceedings based thereon were therefore wholly void as to him.

With regard to Kittie David and the marital community, the situation is entirely different. They were brought into court upon due process, and had full notice of the proceedings taken. They were fully advised as to the basis and amount of the recovery being sought against them. Although they did not answer, and in that sense may be considered to have been in default, nevertheless, as to them, the recovery allowed did not exceed the relief demanded. This case, as to them, is within the rule prescribed in *Bank of California v. Dyer,* 14 Wash. 279, 44 Pac. 534, and *Anderson v. Burgoyne,* 60 Wash. 511, 111 Pac. 777, relied on by appellants.

It is further contended by appellants that the judgment, as taken, was fraudulent in law and wholly void as to all parties named therein. Reliance is placed upon the case of *Bates v. Glaser,* 130 Wash. 328, 227 Pac. 15. An examination of the record in that case discloses that it was an action brought by a wife to set aside a judgment obtained in a former action upon the promissory note of her husband. As a basis of relief from the judgment, the wife alleged in her complaint that the note sued on did not evidence any indebted-

ness as to her, either in her individual capacity or as a member of the marital community; that, by misrepresentation, deceit and imposition practiced upon the court, it was induced to enter a judgment which did not conform to the allegations of the complaint. The relief sought was that the judgment be set aside "so far as it purported to be a judgment against the plaintiff or a lien upon the property of the plaintiff." A demurrer to the complaint was sustained, and the action dismissed. Upon appeal, it was held that, under the allegations of the complaint therein, a fraud in law had been committed, and that the trial court had erred in sustaining the demurrer to the complaint.

The case at bar is not controlled by that decision. The trial court, in this case, was not imposed upon or deceived, but made its findings deliberately upon evidence offered. Moreover, in the *Bates* case, the relief sought was not the vacation of the entire judgment, but only so far as it affected the plaintiff therein. There is no warrant for setting aside the judgment here under appellants' immediate contention, in so far as it affected Kittie David or the marital community.

Appellants finally contend that, even if the judgment be not considered as wholly void, nevertheless upon equitable considerations it should be vacated to permit appellants to present their defense upon the merits. We fail to see, under the circumstances indicated, that any advantage whatever has been taken of the appellants referred to. They had full and frequent opportunity to submit their case upon the merits. They failed to avail themselves of the opportunity. The course of the proceedings is replete with inexcusable delay and neglect on the part of appellants. The matter of vacating the judgment was addressed to the sound discretion of the court, and we think that its discretion was rightly exercised.

The judgment is reversed as to appellant J. W. David; in all other respects, it is affirmed.

BEALS, C. J., MAIN, TOLMAN, and BLAKE, JJ., concur.