**OFFICE OF CHILD SUPPORT ENFORCEMENT of the Department of Social Services of the State of South Dakota, on behalf of Rose Marie Schutz, Plaintiff and Appellant,**

v.

**William Anthony SCHUTZ, Defendant and Appellee.**

**No. 13240.**

Supreme Court of South Dakota.

On Briefs Feb. 18, 1981.

Decided Oct. 21, 1981.

Richard A. Pluimer, Sp. Asst. Atty. Gen., Belle Fourche, for plaintiff and appellant.

William Anthony Schutz, pro se.

PER CURIAM.

The State, through the Office of Child Support Enforcement, appeals from an order forgiving defendant's arrearages for his child support obligation. We affirm.

In 1976, a divorce decree was entered in Meade County, South Dakota, requiring defendant to pay $650 child support monthly for his minor children. In 1977, his former wife assigned to the South Dakota Office of Child Support Enforcement her right to receive the child support payments. The State subsequently brought an action to recover arrearages in defendant's support obligation. After a number of hearings, the State, the trial court, and defendant agreed that after defendant made two additional payments no arrearages would remain. In its final order, the trial court determined that the arrearages had been brought up to date, that defendant had paid or had been forgiven all arrearages, and that all indebtedness had been "satisfied and forgiven and discharged."

■ The State questions whether the trial court had the authority to retroactively modify defendant's support arrearages. We recently held, however, that "the trial court [has] the power to retroactively modify appellee's child support payments as evidenced by the discretion it is allotted under SDCL 25–4–41 and SDCL 25–4–45." *State ex rel. Larsgaard v. Larsgaard*, 298 N.W.2d 381, 384 (S.D.1980).

■ The State also argues that the evidence presented to the trial court did not justify the modification of the arrearages because no change in circumstances was shown. See *State ex rel. Larsgaard v. Larsgaard*, supra. As stated above, however, the record indicates that the State, the trial court, and defendant agreed that defendant's support obligation would be satisfied after he made two additional payments. Although we have some misgivings about the less than precise manner in which this agreement was established of record, we are constrained to hold that by entering into the agreement the then state's attorney of Meade County waived the State's claim for the arrearages. See *Roblin v. Palmer*, 9 S.D. 36, 67 N.W. 949 (1896).

The order is affirmed.